UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NEW YORK PACKAGING II, LLC,

                    Plaintiff,

      -against-

JOHN MAIERHOFFER and
MUSTANG MARKETING GROUP, LLC,

                    Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
23-CV-825 (JMA) (ARL)

FILED
CLERK
1:39 pm, Aug 04, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff New York Packaging II, LLC ("Plaintiff") filed a verified complaint in New York State Supreme Court, Nassau County, on December 29, 2022, asserting state law breach of contract and tort claims against Defendants Mustang Marketing Group, LLC ("Mustang") and John Maierhoffer ("Maierhoffer," and together "Defendants"). (See Notice of Removal, ECF No. 1; Verified Complaint ("Compl."), ECF No. 1-1.) Defendants removed the case to federal court on February 3, 2023. (Id.) Plaintiff now seeks to remand this action to state court based on a lack of subject matter jurisdiction. (See Plaintiff's Motion to Remand ("Plaintiff's Motion"), ECF No. 17.) For the reasons stated below, Plaintiff's Motion is denied.

### I. BACKGROUND

The Complaint alleges that, beginning in May 2016, the parties entered into, and operated under an exclusive, sales-broker agreement by which Defendants were to solicit – on Plaintiff's behalf – bulk orders for customized plastic bags and paper products. (See Compl. ¶¶ 7-9.) This arrangement continued until in or about June 2022, when the orders to Plaintiff from its largest clients "just stopped," because Defendants had allegedly "undert[aken] surreptitiously to replace [Plaintiff] with another vendor." (Id. ¶¶ 9-12.) Plaintiff thereafter filed its state court Complaint,

1

asserting claims for: (i) breach of contract; (ii) breach of fiduciary duty; and (iii) tortious interference with contract. (See generally Compl.)

According to the Complaint and Defendants' Notice of Removal, Defendant Mustang is a Florida limited liability company whose members are Defendant Maierhoffer and his wife, non-party Laura Maierhoffer. (See generally Notice of Removal; Compl.) It is undisputed that Maierhoffer and his wife – and therefore Mustang – are citizens of Florida. (Id.)

Plaintiff's citizenship, however, is less clear. While the parties agree that Plaintiff is a New York limited liability company, its members and their respective citizenships are the subject of disagreement. According to Defendants, Plaintiff is comprised of five members, all of whom are New York citizens: (i) Gary Steinberg; (ii) Jeffrey Rabiea; and WM Capital Partners, LLC ("WM Capital"), whose members are: (iii) Anthony Ekmekjian ("Ekmekjian"); (iv) Benjamin Schneider; and (v) David Apple. (See Notice of Removal.) Conversely, in support of its motion to remand, Plaintiff asserts for the first time[1] that Plaintiff's five members – some of whom are purportedly Florida citizens – are: (i) Jeffrey Rabiea; (ii) an unnamed individual; and WM Capital, whose members are: (iii) Ekmekjian; (iv) the Reeves Family Trust of 1989 (the "Reeves Trust"); and (v) the Gene Petrie Revocable Trust (the "Petrie Trust," together with the Reeves Trust, the "Trusts"). (See Declaration of Jeffrey Rabiea ("Rabiea Decl."), ECF No. 17-1.)

Defendants removed this action to this Court on February 3, 2023, on diversity of citizenship grounds. (See Notice of Removal.) Plaintiff timely sought remand on April 11, 2023, alleging that the instant parties lack complete diversity. (See Plaintiff's Motion.) Defendants responded on May 12, 2023, and Plaintiff filed a reply on May 26, 2023. (See ECF Nos. 19, 20.)

---

[1] The Complaint lacks any details regarding Plaintiff's membership or composition. (See generally Compl.)

2

## II.  DISCUSSION

### A. Legal Standard

A district court has diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship. 28 U.S.C. § 1332(a)(1). A defendant may generally remove any civil action in state court where the district court has original jurisdiction. 28 U.S.C. § 1441(a). If, however, diversity is not present and the federal court lacks subject matter jurisdiction over the action, the case must be remanded. 28 U.S.C. § 1447(c). Where, as here, there is a dispute between the parties regarding the court's jurisdiction, the Court may "order jurisdictional discovery to allow [a party] the opportunity to demonstrate subject matter jurisdiction." Tutor Perini Bldg. Corp. v. New York City Regional Ctr., LLC, No. 20-cv-731, 2020 WL 7711629, at *1 (S.D.N.Y. Dec. 29, 2020) (citing Mills 2011 LLC v. Synovus Bank, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013).

### B. Analysis

Plaintiff seeks remand based on this Court's purported lack of subject matter jurisdiction. Specifically, Plaintiff contends that at least three of the members of WM Capital – itself a member of Plaintiff – are Florida residents, and therefore break diversity. (See generally Rabiea Decl.) Defendants conversely contend that complete diversity exists between the parties, and alternatively request limited jurisdictional discovery to resolve any issues. (See generally ECF No. 19.)

As relevant here, a limited liability company's citizenship is that of each of its members. See Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012); see also Harvey Public Adjuster, LLC v. Viet Media Agency, No. 20-cv-2913, 2021 WL 3285006, at *3 (E.D.N.Y. Aug. 2, 2021) (a Complaint "must allege the citizenship of natural persons who are members of a limited liability company…."). As noted above, Plaintiff

contends that WM Capital's members are: (1) Ekmekjian; (2) the Reeves Trust; and (3) the Petrie Trust, while Defendant asserts that WM Capital's membership is made up of: (1) Ekmekjian; (2) Benjamin Schneider; and (3) David Apple.[2] As the parties do not dispute Rabiea's or Steinberg's membership in Plaintiff, or either's New York citizenship, the Court concludes that the main issue at hand is WM Capital's citizenship, and proceeds to evaluate the citizenship of each of its purported members.

1. Evidence of Ekmekjian's Citizenship

Turning first to Ekmekjian, Plaintiff claims he is a Florida citizen, while Defendants proffer his New York citizenship. For diversity purposes, an individual's citizenship is determined by his domicile. SPV-LS, LLC v. Bergman, No. 15-cv-6231, 2019 WL 2257244, at *15 (E.D.N.Y. Jan. 14, 2019), report and recommendation adopted, 2019 WL 1552914 (E.D.N.Y. Apr. 10, 2019) (citing Lebetkin v. Giray, No. 18-cv-8170, 2018 WL 5312907, at *3 (S.D.N.Y. Oct. 26, 2018)); see also Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (Domicile is "where a person has his true fixed home and principal establishment, and to which whenever he is absent, he has the intention of returning."). In determining domicile, courts consider multiple factors, including an individual's "current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." Kenshoo, Inc. v. Aragon Advertising, LLC, 586 F. Supp. 3d 177, 184 (E.D.N.Y. 2022) (quoting Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009)). Courts employ a "totality of the evidence" approach, under which "no single factor is conclusive"

---

[2] While Defendants aver that Benjamin Schneider and David Apple are New York citizens, they offer no evidence to support this contention.

to determine domicile. Chappelle v. Beacon Communications Corp., 863 F. Supp. 179, 181 (S.D.N.Y. 1994).

From an evidentiary standpoint, Plaintiff attempts to buttress its claim of Ekmekjian's Florida citizenship with: (i) IRS Schedule K-1 [3] and state equivalent forms that – without any background or explanation – purport to list a Florida address belonging to Ekmekjian (see ECF No. 17-2); and (ii) the Rabiea Declaration's bald assertions that Ekmekjian is a Florida resident based on the abovementioned address. (See Rabiea Decl. ¶ 5.) Defendants argue that the Rabiea Declaration lacks foundation and is unreliable. (See generally ECF No. 19.) Specifically, Defendant cites to inconsistencies between the instant Rabiea Declaration and previous matters involving Rabiea. In a different matter before this Court, and involving the same parties – New York Packaging II, LLC v. Mustang Marketing Group, LLC, et al, No. 21-cv-1629 (E.D.N.Y. Mar. 26, 2021) – Rabiea testified that he did not know the exact number of Plaintiff's members but estimated that "there may be 30." (See ECF No. 19-1.) Further, in a verified complaint from a 2020 state court action between Rabiea and Ekmekjian, Rabiea identified Ekmekjian as a New York resident. (See id.) These prior sworn statements from Rabiea highlight the inconsistencies present in the instant Rabiea Declaration and lead the Court to reject it as unreliable. The Court thus declines to rely on its unfounded assertion regarding Ekmekjian's citizenship.

Moreover, it is well-settled that Schedule K-1 forms, by themselves, are insufficient to establish the citizenship(s) of an unincorporated business organization's members. See, e.g., Finnegan v. Long Is. Power Auth., 409 F. Supp. 3d 91, 95-96 (E.D.N.Y. 2019) (quoting Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570-71 (2004)) (In evaluating the existence of

---

[3] A Schedule K-1 is a federal tax document used to "report the income, losses, and dividends for a business's or financial entity's partners or an S corporation's shareholders." The Schedule K-1 form is also used to report income distributions from trusts and estates to beneficiaries. See INVESTOPEDIA.COM (March 31, 2023), https://www.investopedia.com/terms/s/schedule-k-1.asp.

5

diversity jurisdiction, courts apply a "time-of-filing rule" that "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing…."); Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (same).

Defendants also present inconsistent evidence as to Ekmekjian's citizenship, specifically: (i) the Broward County, Florida Property Appraiser's tax roll, showing that the Florida address attributed to Ekmekjian is not registered to him; (ii) a screenshot of Ekmekjian's LinkedIn profile page, which lists his current location as New York, New York; (iii) a screenshot from Ekmekjian's company's website, which purports to have a New York headquarters; (iv) his company biography, which states he is "[o]riginally from South Florida"; (v) an interview published in a Florida newspaper that notes his residence as New York City and describes him as a "businessman in New York City"; (vi) an affidavit of consideration executed by Ekmekjian as part of the sale of a residence located at 47 Hillcrest Ave, Summit, NJ 07901; and (vii) Ekmekjian's Union County, New Jersey voter registration, which lists his registered address as the above Summit, New Jersey residence. (See generally ECF No. 19-1.) While this evidence certainly casts doubt on Ekmekjian's Florida citizenship, Defendants have not affirmatively established his New York or New Jersey citizenship. Accordingly, based on the lack of reliable evidence regarding Ekmekjian's citizenship, the Court concludes that jurisdictional discovery is proper. See, e.g., Mills 2011 LLC, 921 F. Supp. 2d at 228 (citing Amidax Trading Group v. S.W.I.F.T. SCRL, 671 F.3d 140, 149 (2d Cir. 2011); Astra Oil Trading NV v. PRSI Trading Co. LP, No. 08-cv-10467, 2009 WL 928672, at *2 (S.D.N.Y. Apr. 6, 2009).

2. Evidence of the Trusts' Citizenship

Turning next to the Trusts, the parties again disagree regarding each Trust's citizenship. Plaintiff contends that the Trusts are Florida citizens, while Defendants do not recognize the Trusts

as members of Plaintiff. A trust's citizenship turns on "whether the trust is a traditional trust or a business trust." Bergman, 2019 WL 2257244, at *16 (citing Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 383 (2016)); see also id. ("When state law applies a 'trust' label to a 'separate legal entity that itself can sue or be sued,' that trust is subject to the 'rule that it possesses the citizenship of all of its members.'"). Traditional trusts are "established by will or inter vivos transfer [that] have vested contingent beneficiaries with no present ownership in trust property and no power over the trusts' administration, disbursements, or investments" and may only be sued through their trustees. Bergman, 2019 WL 2257244, at *16 (citing Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719, 729-30 (2d Cir. 2017)). Conversely, a business trust is an "unincorporated organization created for profit under a written instrument or declaration of trust, the management to be conducted by compensated trustees for the benefit of persons whose legal interests are represented by transferable certificates of participation or shares." France v. Thermo Funding Co., LLC, 989 F. Supp. 2d 287, 299 (S.D.N.Y. 2013).

Based on the dearth of reliable evidence, the Court again concludes that jurisdictional discovery is proper to determine the Trusts' citizenship. The evidence proffered by Plaintiff remains the same – 2021 Schedule K-1 forms and state equivalents listing Florida mailing addresses for each Trust's trustee, and Rabiea Declaration statements attesting to the trustees' Florida citizenship. (See ECF No. 17-2; Rabiea Decl. ¶¶ 6-7.) For the reasons set forth above, the Court finds that the parties have failed to submit evidence to definitively establish the Trusts' citizenship at the time of filing, and thus concludes that jurisdictional discovery is proper. See, e.g., Loubier, 858 F.3d at 725 (looking to the trust agreements submitted to the court, and to their trustee, to decide whether diversity jurisdiction is established).[4]

---

[4] In light of the above conclusions, the Court rejects Defendants' misplaced invitation to exercise "supplemental jurisdiction" over this matter and deny Plaintiff's motion to remand. (See ECF No. 19.)

7

## III.  CONCLUSION

For the reasons stated above, Plaintiff's motion for remand is denied.  This matter is respectfully referred to Magistrate Judge Lindsay to conduct limited jurisdictional discovery, which shall culminate in a report and recommendation regarding whether this Court may properly exercise jurisdiction over this matter.


**SO ORDERED.**

Dated:  August 4, 2023
            Central Islip, New York

                                                                    /s/  (JMA)
                                                        JOAN M. AZRACK
                                                        UNITED STATES DISTRICT JUDGE