UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NEW YORK PACKAGING II LLC,

                           Plaintiff,

           -against-                               ORDER
                                                                      23-CV-825 (ARL)
JOHN MAIERHOFFER and MUSTANG
MARKETING GROUP LLC,

                           Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Presently before the Court is Plaintiff New York Packaging II LLC's ("Plaintiff") motion to remand this action to state court as well as Plaintiff's motion for permission to move attorneys' fees. ECF Nos. 39 & 40. For the reasons set forth below, Plaintiff's motion to remand is granted and Plaintiff's motion for attorneys' fees and costs is denied.

       With respect to Plaintiff's motion to remand, the original motion was made before Judge Azrack in April 2023. ECF No. 17. Judge Azrack denied Plaintiff's motion and directed that jurisdiction discovery be conducted. ECF No. 21. In October 2023, during the course of jurisdictional discovery, Plaintiff again moved to remand and the motion was again denied in light of on-going jurisdictional discovery. ECF Nos. 34 & 38. Plaintiff moved to remand once again in December 2023. ECF No. 39. By letter dated December 6, 2023, Defendants withdrew their challenge to Plaintiff's position that diversity was lacking based upon the residency of its limited partners. ECF No. 40. Accordingly, this Court grants Plaintiff's motion to remand.

       Plaintiff has sought permission to file a motion for attorneys' fees in connection with its motion to remand. "In considering a motion for attorney's fees, 'the threshold issue . . . is always entitlement.'" *RVC Floor Décor v Floor & Décor Outets of Am.*, No. CV 19-4894

(DRH)(ARL), 2021 US Dist. LEXIS 156369 (E.D.N.Y. Aug. 18, 2021)(citing *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 U.S. Dist. LEXIS 9020, 2017 WL 343905 at *2 (M.D. Fla. Jan. 6, 2017)).  Although the "American Rule" generally requires each party to bear its own attorneys' fees, courts may award attorneys' fees where there is explicit statutory authority to do so.  *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 602-03, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); *Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994).  Plaintiff here claims it is entitled to attorneys' fees pursuant to 28 U.S.C. § 1447(c).

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The Supreme Court of the United States has instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).  "The appropriate test for awarding fees under 1447(c) should recognize the desire to deter removals sought for purposes of prolonging litigation and imposing costs on the opposing party." *Id*. at 140. "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. at 141.

Plaintiff never obtained a favorable ruling on the issue of diversity, but rather after several motions to remand were denied, and additional jurisdictional discovery ordered, Defendants "stipulate[d] that the evidentiary record in its present form does not support a finding

that Mr. Petrie is domiciled outside of Florida. Defendants carry the burden of proof on this point and cannot justify the time and expense required to complete the evidentiary record. For the reasons stated above, Defendants withdraw their challenge to NYP's claim that Mr. Petrie is domiciled in Florida." ECF No. 40.

Here, no award of attorneys' fees is warranted, and therefore the filing of such motion would be futile.  Given the complex structure of Plaintiff, requiring a deep dive into the layers of limited partners it was far from clear whether diversity jurisdiction existed.  From the outset, Judge Azrack noted that "Plaintiff's citizenship, . . . is less clear. While the parties agree that Plaintiff is a New York limited liability company, its members and their respective citizenships are the subject of disagreement. According to Defendants, Plaintiff is comprised of five members, all of whom are New York citizens: (i) Gary Steinberg; (ii) Jeffrey Rabiea; and WM Capital Partners, LLC ("WM Capital"), whose members are: (iii) Anthony Ekmekjian ("Ekmekjian"); (iv) Benjamin Schneider; and (v) David Apple. . . . Conversely, in support of its motion to remand, Plaintiff asserts for the first time that Plaintiff's five members – some of whom are purportedly Florida citizens – are: (i) Jeffrey Rabiea; (ii) an unnamed individual; and WM Capital, whose members are: (iii) Ekmekjian; (iv) the Reeves Family Trust of 1989; and (v) the Gene Petrie Revocable Trust." ECF No. 21.  Thus, even the identity of the members of the limited partnerships involved were in dispute.  The situation was further complicated by Plaintiff's failure to identify the citizenship of each of its members in the Complaint.  *Id*.  In light of the complexities involved the Court cannot conclude that the removal lacked an

3

objectively reasonable basis and therefore any motion for attorneys' fees would be unfounded.

Dated: Central Islip, New York　　　　　　　　　　**SO ORDERED:**
　　　　　March 7, 2024

　　　　　　　　　　　　　　　　　　　　　　　_____/s_____
　　　　　　　　　　　　　　　　　　　　　　　ARLENE R. LINDSAY
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge